**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| International Union of Operating Engineers, Local 150, AFL-CIO, ) ) | |
| Plaintiff, ) ) | |
| ) | Case No. 25-cv-3190 |
| v. ) ) | |
| ) | Judge: Andrea R. Wood |
| Jimenez & Sons Excavating & Trucking, ) Inc., a/k/a Jimenez & Sons Construction, ) Inc., a dissolved Illinois corporation; and ) Sam Jimenez, an individual, ) ) | Magistrate Judge: Jeffrey Cole |
| Defendants. ) | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order dated September 26, 2025 (Doc. #24), Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), respectfully submits the following Status Report:

1. On March 26, 2025, Local 150 filed this action against Defendants (Doc. #1). Defendants were served on April 28, 2025, thus requiring them to file a responsive pleading by May 19, 2025 (Doc. #12).

2. On May 21, 2025, after the responsive pleading filing deadline passed, attorneys Todd Miller and Kathleen Cahill filed appearances on behalf of Defendants (Docs. #14, 15). Defendants answered the Complaint on June 9, 2025, with leave of Court (Doc. #18).

3. On July 15, 2025, Local 150 served its first set of interrogatories and requests for production on Defendants via their counsel (Doc. #20-1 at PageID # 179-197). Defendants' responses thus were due on August 14, 2025. Defendants did not respond by August 14, 2025.

4. On September 8, 2025, due to Defendants' lack of responsiveness and cooperation after Local 150 attempted to resolve the discovery dispute pursuant to Rule 37(a)(1), Fed. R. Civ. P., Local 150 filed a Motion to Compel Discovery Responses (Doc. #20).

5. On September 11, 2025, Miller and Cahill each filed respective Motions for Leave to Withdraw as Attorney due to Sam Jimenez's failure to respond to their phone calls and voicemails regarding completing Defendants' discovery responses (Docs. #21, 22). Miller and Cahill also stated that Sam Jimenez had failed to pay their attorneys' fees (*id.*).

6. On September 26, 2025, a hearing was held before the Court (Doc. #23). Miller and Sam Jimenez appeared for Defendants (Exhibit A, September 26, 2025 Transcript of Proceedings, at 2). Among other things, Miller informed the Court that "I think we have an understanding that [Sam Jimenez] is going to be communicating with me and working to try to come up with some -- the money to pay for the discovery that's ready to be given over to Mr. Totonchi" (*id.* at 3). Sam Jimenez agreed that the communication issues could be resolved (*id.* at 4). Miller stated that "the discovery is ready to go…the verifications need to be signed, and I need to go over them with…Mr. Jimenez…Once that's done, we'll serve them on" Local 150 (*id.* at 6). Miller also stated that the documents to be produced were "ready as well" (*id.* at 7). The Court stated (*id.* at 7-8):

> I'm inclined to allow two weeks "until October 10th for defense counsel [Miller] to file some sort of notice either withdrawing the motion to withdraw or indicating that you haven't been able to resolve the issue with Mr. Jimenez and that you are standing on your request to withdraw, in which case I'll set the appropriate hearing on that, and we'll have to deal with it. Assuming that you're in a position to withdraw the motion to withdraw by the 10th, my expectation is that the outstanding discovery responses will be produced by October 17th. And then I would like a status report from the parties to be filed by October 24th proposing an appropriate modification to the discovery schedule to complete whatever needs to be done. Now, if it turns out that Mr. Miller and Mr. Jimenez are not able to resolve their issue, I will find time in my schedule for a hearing on the motion to withdraw, and we'll get that resolved. And Mr. Jimenez will need to make some decisions…

7. The Court subsequently issued an Order pursuant to that understanding, stating, "[f]or the reasons stated on the record, motion for leave to withdraw as attorney [21] and [22] are entered and continued. By 10/10/2025, Defendants' counsel shall file a status report or notice of withdrawal of the motion to withdraw. Defendants shall respond to Plaintiff's outstanding discovery requests by 10/17/2025. By 10/24/2025, the parties shall file a joint status report proposing an appropriate modification to the discovery schedule" (Doc. #24).

8. Neither Miller nor Cahill filed the Court-ordered status report by October 10, 2025, or after.

9. Defendants failed to provide any discovery responses by October 17, 2025, as the Court ordered, or after.

10. Rule 37(b)(2)(A), Fed. R. Civ. P., states that a party that "fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include…(vi) rendering a default judgment against the disobedient party." "The decision to enter a default judgment as a sanction for violation of a discovery order is within the sound discretion of the district court" with "a showing of willfulness, bad faith or fault on the part of the defaulted party." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

11. Defendants' delays throughout this case, including most recently their failures to submit the required status report and provide the discovery responses timely pursuant to the Court's Order—after explicitly promising to do so in open court—constitute willful, bad-faith misconduct, making a default judgment an appropriate sanction under the circumstances. Local 150 thus intends to file a motion for default judgment during the week of October 27, 2025.

12.  In light of Defendants' failure to comply with the Court Order and Local 150's forthcoming motion for default judgment, this Status Report contains no proposal to modify the current discovery schedule cutoff date of October 30, 2025.

13.  On Tuesday, October 21, 2025, Local 150 counsel shared a draft of the Status Report with Miller. Local 150 counsel requested that Miller provide any feedback by Wednesday, October 22, at 5:00 p.m. As of the submission of this Status Report, Miller has not replied.

Dated: October 23, 2025              Respectfully submitted,

                                              By:  /s/ Emil P. Totonchi
                                                    One of the Attorneys for Local 150

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney of record, hereby certifies that on October 23, 2025, he electronically filed the foregoing with the Clerk of Court using the CM/CM/ECF system, which sent notification to the following:

Todd A. Miller *(tam@alloccomiller.com)*
Kathleen M. Cahill *(kmc@alloccomiller.com)*
Allocco, Miller & Cahill, P.C.
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Ph. 312/675-4325

                                    By:  /s/ Emil P. Totonchi
                                                One of the Attorneys for Local 150

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647