IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| International Union of Operating Engineers, Local 150, AFL-CIO, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 25-cv-3190 |
| v. | ) ) |
| | ) Judge: Andrea R. Wood |
| Jimenez & Sons Excavating & Trucking, Inc., a/k/a Jimenez & Sons Construction, Inc., a dissolved Illinois corporation; and Sam Jimenez, an individual, | ) Magistrate Judge: Jeffrey Cole ) ) ) ) |
| Defendants. | ) |

## MOTION FOR ENTRY OF DEFAULT AND JUDGMENT

Pursuant to Rule 55, Fed. R. Civ. P., Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), hereby moves for entry of judgment by default against Defendants Jimenez & Sons Excavating & Trucking, Inc., a/k/a Jimenez & Sons Construction, Inc., a dissolved Illinois corporation ("the Company"); and Sam Jimenez ("Jimenez"), an individual, in the amount of $23,730.07, plus Local 150's reasonable attorneys' fees in the amount of $8,700.00, and their costs in the amount of $405.00, for a total of $32,835.07. In support of its motion, Local 150 states as follows:

1.   On March 26, 2025, Local 150 filed this action pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Local 150's Complaint sought to enforce a Joint Grievance Committee ("JGC") award against the Company and Jimenez (Doc. #1). The JGC issued an award against Defendants requiring them to pay $21,572.79 to the I.U.O.E. Local 150 Scholarship Fund. Defendants also owe $2,157.28 in liquidated damages due to their failure to pay timely the JGC award, and thus a total of $23,730.07.

2. On April 28, 2025, Defendants were served with the Summons and Complaint (Docs. #12, 13). The deadline to answer or otherwise plead was May 19, 2025.

3. On May 21, 2025, after the responsive pleading filing deadline passed, attorneys Todd Miller and Kathleen Cahill filed appearances on behalf of Defendants (Docs. #14, 15). Defendants answered the Complaint on June 9, 2025, with leave of Court (Doc. #18).

4. On July 15, 2025, Local 150 served its first set of interrogatories and requests for production on Defendants via their counsel (Doc. #20-1 at PageID # 179-197). Defendants' responses thus were due on August 14, 2025. Defendants did not respond by August 14, 2025.

5. On September 8, 2025, due to Defendants' lack of responsiveness and cooperation after Local 150 attempted to resolve the discovery dispute pursuant to Rule 37(a)(1), Fed. R. Civ. P., Local 150 filed a Motion to Compel Discovery Responses (Doc. #20).

6. On September 11, 2025, Miller and Cahill each filed respective Motions for Leave to Withdraw as Attorney due to Sam Jimenez's failure to respond to their phone calls and voicemails regarding completing Defendants' discovery responses (Docs. #21, 22). Miller and Cahill also stated that Sam Jimenez had failed to pay their attorneys' fees (*id.*).

7. On September 26, 2025, a hearing was held before the Court (Doc. #23). Miller and Sam Jimenez appeared for Defendants (Exhibit A, September 26, 2025 Transcript of Proceedings, at 2). Among other things, Miller informed the Court that "I think we have an understanding that [Sam Jimenez] is going to be communicating with me and working to try to come up with some -- the money to pay for the discovery that's ready to be given over to Mr. Totonchi" (*id.* at 3). Sam Jimenez agreed that the communication issues could be resolved (*id.* at 4). Miller stated that "the discovery is ready to go…the verifications need to be signed, and I need to go over them with…Mr. Jimenez…Once that's done, we'll serve them on" Local 150

(*id.* at 6). Miller also stated that the documents to be produced were "ready as well" (*id.* at 7). The Court stated (*id.* at 7-8):

> I'm inclined to allow two weeks "until October 10th for defense counsel [Miller] to file some sort of notice either withdrawing the motion to withdraw or indicating that you haven't been able to resolve the issue with Mr. Jimenez and that you are standing on your request to withdraw, in which case I'll set the appropriate hearing on that, and we'll have to deal with it. Assuming that you're in a position to withdraw the motion to withdraw by the 10th, my expectation is that the outstanding discovery responses will be produced by October 17th. And then I would like a status report from the parties to be filed by October 24th proposing an appropriate modification to the discovery schedule to complete whatever needs to be done. Now, if it turns out that Mr. Miller and Mr. Jimenez are not able to resolve their issue, I will find time in my schedule for a hearing on the motion to withdraw, and we'll get that resolved. And Mr. Jimenez will need to make some decisions…

8. The Court subsequently issued an Order pursuant to that understanding, stating, "[f]or the reasons stated on the record, motion for leave to withdraw as attorney [21] and [22] are entered and continued. By 10/10/2025, Defendants' counsel shall file a status report or notice of withdrawal of the motion to withdraw. Defendants shall respond to Plaintiff's outstanding discovery requests by 10/17/2025. By 10/24/2025, the parties shall file a joint status report proposing an appropriate modification to the discovery schedule" (Doc. #24).

9. Neither Miller nor Cahill filed the Court-ordered status report by October 10, 2025, or after.

10. Defendants failed to provide any discovery responses by October 17, 2025, as the Court ordered, or after.

11. On October 21, 2025, Local 150 counsel shared a draft joint status report with Defendant's counsel. On October 23, 2025, because Defendants' counsel failed to reply to Local 150 counsel, Local 150 filed its own status report (Doc. #26). Local 150 indicated, among other things, that it would pursue a Motion for Default Judgment the week of October 27, 2025, due to

3

Defendants' and their counsels' unresponsiveness, failure to submit Court-ordered filings, and failure to comply with the Court's discovery order.

12. On October 27, 2025, the Court stated that "[t]he Court has reviewed Plaintiff's status report [26]. It appears that Defendants have not followed through on the court−ordered course of action discussed at the motion hearing on 9/26/2025. Specifically, Defendants' counsel failed to file a status report or notice of withdrawal of their motion to withdraw by 10/10/2025. Defendants also did not respond to Plaintiff's outstanding discovery requests by 10/17/2025. And Defendants did not participate in the filing of Plaintiff's status report, which was due 10/24/2025 but filed 10/23/2025. In its status report, Plaintiff states its intent to file a motion for default judgment this week. Accordingly, the Court directs Plaintiff to file any such motion by 10/31/2025. The Court sets a telephonic status and motion hearing for 11/5/2025 at 9:30 AM" (Doc. #27).

13. Local 150 files the instant Motion pursuant to the Court's October 27, 2025 directive.

14. Rule 37(b)(2)(A), Fed. R. Civ. P., states that a party that "fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders. They may include…(vi) rendering a default judgment against the disobedient party." "The decision to enter a default judgment as a sanction for violation of a discovery order is within the sound discretion of the district court" with "a showing of willfulness, bad faith or fault on the part of the defaulted party." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

15. Defendants' delays throughout this case, including most recently their failure to submit the required October 10, 2025 status report regarding their motion to withdraw as attorneys; failure to provide discovery responses timely to Local 150 by October 17, 2025, pursuant to the Court's Order, after explicitly promising to do so in open court; failure to communicate with

4

Local 150 regarding the submission of a joint status report by October 24, 2025; and their dilatory motions to withdraw motions to withdraw as attorneys constitute willful, bad-faith misconduct, making a default judgment an appropriate sanction under the circumstances.

16. As of the time of the filing of this motion, Local 150 has expended $8,700.00 in attorneys' fees for this litigation and $405.00 in costs (Certification of Emil P. Totonchi attached hereto as Exhibit A).

17. Only after Local 150 submitted its October 23, 2025 status report and the Court issued its directive on October 27, 2025, Defendants' counsels filed respective motions to withdraw their prior motions to withdraw as attorneys (Doc. #28, 29). That same day, Defendants' counsel stated that Defendants oppose this Motion.

WHEREFORE, Local 150 respectfully requests this Court enter judgment by default against Defendant Jimenez and in favor of Local 150 in the amount of $23,730.07, representing the JGC award and liquidated damages, plus Local 150's attorneys' fees in the amount of $8,700.00, and costs in the amount of $405.00, for a total of **$32,835.07**.

Dated: October 29, 2025          Respectfully submitted,

By: /s/ Emil P. Totonchi
     One of the Attorneys for Local 150

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney of record, hereby certifies that on October 29, 2025, he electronically filed the foregoing with the Clerk of Court using the CM/CM/ECF system, which sent notification to the following:

Todd A. Miller *(tam@alloccomiller.com)*  
Kathleen M. Cahill *(kmc@alloccomiller.com)*  
Allocco, Miller & Cahill, P.C.  
20 North Wacker Drive, Suite 3517  
Chicago, IL  60606  
Ph. 312/675-4325

                                            By:  /s/ Emil P. Totonchi
                                                      One of the Attorneys for Local 150

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647